UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM AYERS, | : | CIVIL ACTION NO. 3:CV-11-2297 |
| | : | |
| Petitioner | : | (Judge Nealon) |
| | : | |
| v. | : | **FILED** |
| | : | **SCRANTON** |
| LUZERNE COUNTY DISTRICT | : | |
| ATTORNEY, et al., | : | APR 0 3 2012 |
| | : | |
| Respondents | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | DEPUTY CLERK |

## MEMORANDUM

Petitioner, William Ayers, filed the instant petition for writ of habeas corpus pursuant to

28 U.S.C. § 2254.  He attacks a conviction imposed by the Court of Common Pleas for Luzerne

County, Pennsylvania. (Doc. 1).  For the reasons that follow, the petition will be dismissed for

lack of jurisdiction.

**Background**

On October 14, 2005, at the conclusion of a jury trial, Petitioner was convicted in the

Luzerne County Court of Common Pleas of one (1) count each of corruption of minors, criminal

conspiracy, and criminal solicitation.  Commonwealth of Pa. v. Ayers, CP-40-CR-0001465-2005,

Criminal Docket Sheet.  On February 22, 2006, for the corruption of minors conviction, Ayers

received a nine (9) to thirty-six (36) month sentence of incarceration, to run concurrent to another

sentence Petitioner was serving from another county.  Id.  The Court found that the other two (2)

counts merged with each other, and imposed a six (6) to eighteen (18) month sentence of

incarceration, to run concurrent with Petitioner's sentence for corruption of minors and the

sentence Petitioner was currently serving.  Id.

On April 24, 2006, Ayers filed a Notice of Appeal with the Pennsylvania Superior Court. Id. On March 28, 2007, before any action was taken on Petitioner's appeal, the Superior Court discontinued and withdrew Petitioner's appeal, at his request. Id. On December 5, 2007, Ayers, acting pro se, filed a notice of appeal to the Superior Court. Id. By Order dated August 13, 2008, the Superior Court quashed Petitioner's appeal on the grounds that it was not taken from an appealable order. Id. The Superior Court further ordered that the trial court appoint counsel to represent Ayers in the filing of a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). Id.

On October 15, 2008, the Luzerne County Court of Common Pleas appointed counsel to investigate Ayers' claims. Id. By Order dated January 12, 2009, upon consideration of Petitioner's motion, the trial court appointed new counsel. Id. On February 10, 2010, via new counsel, Petitioner filed his PCRA petition. Id.

On January 7, 2009, while his PCRA proceedings were pending, Ayers filed a federal habeas corpus petition, in this Court. See, Ayers v. S.C.I. Mahanoy, Civil No. 3:CV-09-0018 (Memorandum and Order dated June 2, 2009). On June 2, 2009, Petitioner's federal habeas corpus petition was dismissed for failure to exhaust state court remedies. Id.

On September 9, 2010, the Court of Common Please held a hearing on Ayers' PCRA petition. Commonwealth of Pa. v. Ayers, CP-40-CR-0001465-2005, Criminal Docket Sheet.

On December 2, 2010, while his PCRA proceedings were still pending, Ayers filed a second federal habeas corpus petition in this Court. See, Ayers v. Luzerne County DA's Office, No. 3:CV-10-2470 (Memorandum and Order dated August 1, 2011).

On December 21, 2010, the state court denied Ayers' PCRA petition. <u>Commonwealth of Pa. v. Ayers</u>, CP-40-CR-0001465-2005, Criminal Docket Sheet. On January 7, 2011, Ayers filed a notice of appeal of his PCRA denial, to the Pennsylvania Superior Court. <u>Id</u>. Petitioner's appeal is currently pending. <u>Id</u>.

On August 1, 2011, this Court denied Petitioner's federal habeas corpus petition, again on the grounds that state remedies had not been exhausted, and noted that Petitioner was no longer in custody on the challenged sentence, and that he therefore was ineligible for relief. <u>See</u>, <u>Ayers v. Luzerne County DA's Office</u>, No. 3:CV-10-2470 (Memorandum and Order dated August 1, 2011).

On December 12, 2011, Petitioner filed his third federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. 1, petition).

In accordance with <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) and <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Ayers that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Doc. 5). On January 19, 2012, Petitioner returned the Notice of Election, indicating that he wished to have his petition ruled on as filed. (Doc. 6, Notice of Election).

On January 27, 2012, a Show Cause Order was issued, directing that the petition be responded to as filed. (Doc. 7). A response to the petition was filed on March 19, 2012. (Doc.

13).  No traverse has been filed.  Thus, the petition for writ of habeas corpus is ripe for disposition.

**Discussion**

The Court may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant.  See 28 U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. See Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

As is evident from the record, Ayer's appeal to the Pennsylvania Superior Court  is currently pending in the state court.  Therefore, his petition will be dismissed without prejudice to his right to pursue federal habeas corpus relief at the conclusion of the state collateral review process.

Moreover, Respondents argue that Petitioner's sentence expired thirty-six (36) months after he began serving it on February 22, 2006.  (Doc. 13, response).  As such, Petitioner was no longer in custody on the challenged sentence when he filed the instant petition on December 12, 2011.  Thus, this Court lacks jurisdiction to entertain the instant petition.  See 28 U.S.C. § 2254(a); DeFoy v. McCullough, 393 F.3d 439, 441 (3rd Cir. 2005) (holding that the AEDPA gives

federal courts jurisdiction to entertain habeas corpus petitions from individuals who are "in custody" pursuant to a state court judgment); <u>Obado v. New Jersey</u>, 328 F.3d 716 (3rd Cir. 2003) (same).

      A separate Order will be issued.

Dated: April 3, 2012

**United States District Judge**